```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

JAMES COLEMAN,                )
                              )
           Plaintiff          )
                              )
      v.                      )    Case No. 2:10 cv 167
                              )
AMERICAN FAMILY MUTUAL        )
INSURANCE COMPANY,            )
                              )
           Defendant          )

## OPINION AND ORDER

This matter is before the court on the Motion to Compel Expert Disclosures [DE 15] filed by the defendant, American Family Mutual Insurance Company, on March 30, 2011. For the following reasons, the motion is GRANTED.

## Background

The court entered a case management order on October 8, 2010, directing the plaintiff, James Coleman, to serve his expert disclosures and reports by December 29, 2010. On December 27, 2010, Coleman identified five experts, including a vocational-rehabilitation specialist and four treating physicians. Coleman included a written report for the vocational-rehabilitation specialist but did not provide written reports for the treating physicians he identified. The defendant, American Family, represents that it requested complete reports for the identified physicians but that Coleman refused to comply. Because the

parties could not reach an agreement, American Family filed a motion to compel production of the treating physicians' expert reports.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002)(quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. Borom v. Town of Merrillville, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (citing Sanyo Laser Prods., Inc. v. Arista Records, Inc., 214 F.R.D. 496, 502 (S.D. Ind. 2003)). See also Adams v. Target, 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the

action."); Shapo v. Engle, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." Gregg v. Local 305 IBEW, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(citing Kodish v. Oakbrook Terrace Fire Protection Dist., 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); McGrath v. Everest Nat. Ins. Co., 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. Cunningham v. Smithkline Beecham, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(citing Graham v. Casey's General Stores, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Cunningham, 255 F.R.D. at 478 (citing Burkybile v. Mitsubishi Motors

Corp., 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." Berning v. UAW Local 2209, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted).

American Family asks the court to compel Coleman to produce expert reports for the four treating physicians he identified in his expert disclosures. Rule 26(a)(2) governs expert reports and states in relevant part:

> (B) Written Report. Unless otherwise stipulated or ordered by the court, [expert disclosures] must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.
>
> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present

> evidence under Federal Rule of
> Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and
> opinions to which the witness is
> expected to testify.

Rule 26(a)(2)(B) defines an expert witness as "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  See also Meyers v. National R.R. Passenger Corp., 619 F.3d 729, 734 (7th Cir. 2010); Musser v. Gentiva Health Services, 356 F.3d 751, 757 (7th Cir. 2004).

"All witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)" while "only those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)."  Banister v. Burton, 636 F.3d 828, 833 (7th Cir. 2011)(citing Musser, 356 F.3d at 756-57); Rule 26(a)(2)(C).  The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony so the opposing party may form an appropriate response. Meyers, 619 F.3d at 734; Musser, 356 F.3d at 757-58.  The consequence of non-compliance with Rule 26(a)(2)(B) is "exclusion of an expert's testimony . . . 'unless the failure was substantially justified or is harmless.'" Meyers, 619 F.3d at 734 (citing Gicla

5

v. United States, 572 F.3d 407, 410 (7th Cir. 2009)(quoting Rule 37(c)(1)).

A treating physician is an expert witness when he testifies about opinions formed during or after treatment of the patient. Meyers, 619 F.3d at 734-35. This is because such opinions are based on scientific, technical, or other specialized knowledge. Musser, 356 F.3d at 751, 757 n.2. However, not every treating physician is required to provide an expert report. Rule 26(a)(2)(B)-(C); Musser, 356 F.3d at 758, n.3 ("We need not reach the disputed issue of whether an individual who serves in the capacity of 'treating physician' (or any analogous position) may nonetheless be required to submit a report under Rule 26(a)(2)(B)."). Whether an expert report is necessary is dictated by the nature of the treating physician's intended testimony. Musser, 356 F.3d at 758 n.3.

It is generally agreed that a treating physician who testifies about his observations during treatment is not required to file an expert report. See, e.g., Zarecki v. Nat'l R.R. Passenger Corp., 914 F.Supp. 1566, 1573 (N.D. Ill. 1996); Krischel v. Hennessy, 533 F.Supp.2d 790, 795 (N.D. Ill. 2008)("When a treating physician limits his testimony to his observation, diagnosis and treatment, there is no need for a Rule 26(a)(2)(B) report."); Fielden v. CSX Transp. Inc., 482 F.3d 866, 870-71 (6th Cir. 2007)

(holding that a formal report is not required when determining causation is an integral part of treating a patient). However, the issue becomes more convoluted where the treating physician intends to state an opinion concerning the cause of the plaintiff's injuries.[1] Krischel, 553 F.Supp.2d at 796; Meyers, 619 F.3d at 734-35. In Meyers, the court explained that a treating physician may be required to submit an expert report when his testimony exceeds the scope of his observations during treatment. Physicians who intend to offer testimony regarding causation of the plaintiff's injuries often go beyond the scope of treatment, requiring the physician to submit a complete expert report. The Meyers court explained that the determining factor is whether the physician determined the cause of the individual's injuries during or after treatment. Meyers, 619 F.3d at 734-35. ("[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2).").

However, after Meyers was decided, Rule 26 was amended effective December 2010, to resolve the tension that led some

---

[1] A similar question often arises when the treating physician is asked to give an opinion on whether the injuries are temporary or permanent.

7

courts to require expert reports of non-retained experts.  The amendments did not alter who was required to file an expert report under the rule and explained that an expert "retained or specially employed" must submit a complete expert report.  Rule 26(a)(2)(B).  However, subpart C was added mandating summary disclosures in place of complete expert reports, of the opinions to be offered by expert witnesses who were not retained or specially employed to give expert testimony.  Rule 26(a)(2)(C). The Committee Notes explain that common examples of experts required to submit summary disclosures include physicians or other health care professionals.  Rule 26 (Committee Notes, 2010 amendments).  The amendment attempts to clarify the distinction between an expert retained for the purpose of providing expert testimony and non-retained experts.  See Rule 26(a)(2)(C) and Committee Notes (stating that non-retained witnesses must provide "a summary of the facts and opinions to which the witness is expected to testify."); Rule 26 (Committee Notes, 2010 amendments); Crabbs v. Wal-Mart Stores, Inc., 2011 WL 499141, *1 (S.D. Ind. Feb. 4, 2011)(explaining amendments to Rule 26 to determine if treating physician must provide an expert report).

The four treating physicians Coleman identified in his expert disclosures intend to testify to "scientific, technical or other specialized knowledge" and are experts under Rule 26.  The

8

question then becomes whether they were "retained or specially employed to provide expert testimony" and are required to prepare an expert report. The Meyers court specifically defined a treating physician who intended to testify to the cause of the plaintiff's injuries as one "retained or specially employed." Meyers, 619 F.3d at 735. Coleman admits that the treating physicians he identified intend to testify to the cause of his injuries and therefore would be required to submit an expert report under Meyers. However, the court must determine whether Meyers remains effective in lieu of the amendments to Rule 26.

Although the amendment to Rule 26 did not alter who is required to file an expert report, the amendment appears to speak directly to experts, such as treating physicians, whose testimony often blurs the line between fact and opinion. Rule 26 (Committee Notes)(stating that common examples of experts required to submit summary disclosures include physicians or other health care professionals). The amendment to Rule 26 was added to address concerns about expert testimony, including courts requiring detailed reports from experts who were not retained for the purpose of giving expert testimony. It would be difficult to conclude that the treating physicians identified here were retained for the express purpose of giving expert testimony. See Crabbs, 2011 WL 499141 at *2 (finding that treating physicians

were not experts retained or specially employed to provide testimony).  Nothing in the record suggests that the treating physicians were sought for any purpose except treatment.  Because the amendment to Rule 26 attempts to clarify the distinction between an expert retained to testify and one who will testify for reasons independent of trial preparation, the court finds that the amendment overcomes the holding in Meyers as far as the physicians at hand are concerned because of the purpose for which they were first sought.  For this reason, the treating physicians are not required to submit a complete expert report.  However, the amendment to Rule 26 mandates that the treating physicians must file a summary report, disclosing "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Rule 26(a)(2)(C).

_____

Based on the foregoing reasons, the court GRANTS American Family's Motion to Compel Expert Disclosures [DE 15] and ORDERS the plaintiff, James Coleman, to provide American Family with a summary expert report as required by Federal Rule of Civil Procedure 26(a)(2)(C) for the four treating physicians within 21 days of this Opinion and Order.

ENTERED this 2nd day of June, 2011

                                    s/ ANDREW P. RODOVICH
                                       United States Magistrate Judge